IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RON R. REDDELL,            )<br>                           )<br>    Plaintiff,              )<br>                           )    CIVIL ACTION<br>v.                         )<br>                           )    Case No. 05-483<br>VERIZON and COMMUNICATIONS )<br>WORKERS OF DE,             )<br>                           )<br>    Defendants.            )  | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT VERIZON DELAWARE INC.

Defendant Verizon Delaware Inc. (hereafter referred to as "Verizon"), asserts the following Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff Ron R. Reddell (hereinafter referred to as "Plaintiff").

1.  In response to the allegations in Paragraph 1 of the Complaint, Verizon Delaware Inc. denies that Plaintiff was owed $1,000.00 from a "settlement fee from Verizon on Dec. 16, 2004 for labor dispute with Local 13101 in Delaware." Verizon admits that it reached a settlement agreement with the Communications Workers of America, Local 13101 ("Union") on or about December 15, 2004 ("Settlement Agreement"), and that the Settlement Agreement resolved a labor dispute. Verizon denies that Plaintiff was entitled to any payment under the terms of the Settlement Agreement.

2.  In response to the allegations in Paragraph 2 of the Complaint, Verizon denies that Plaintiff is entitled to any relief whatsoever.

To the extent that any of Plaintiff's allegations contained in his Complaint have not heretofore been admitted or denied by Verizon, they are hereby denied.

WHEREFORE, Verizon requests that the Court enter judgment against Plaintiff, and in favor of Verizon, and award to Verizon its costs and expenses, along with any other appropriate relief.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claims upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges state law claims, such claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

THIRD AFFIRMATIVE DEFENSE

Plaintiff was neither a current employee of Verizon nor a retiree of Verizon at the time of the Settlement Agreement and thus he was not an intended beneficiary of the Settlement Agreement and was not entitled to any payment under thereunder.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust contractual remedies by failing to present any claim pursuant to the procedures set forth in the Settlement Agreement.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law to the extent that Plaintiff failed to exhaust his contractual and/or administrative remedies, including without limitation internal union appeals procedures and/or remedies.

SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff fails to prove each and every element of a claim of breach of the duty of fair representation that he may assert against the Union, his claims fail as a matter of law against Verizon.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law to the extent that they are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law to the extent that they are barred, in whole or in part, by the doctrine of arbitration and award or by the settlement of an arbitration case involving a labor dispute.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any damages, such damages were caused by or contributed to by his own actions.

WHEREFORE, Verizon denies that Plaintiff is entitled to any relief requested in the Complaint. Accordingly, Verizon respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs and fees, and grant such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

/s/ *Kathleen Furey McDonough*
Kathleen Furey McDonough (#2395)
Suzanne M. Hill (#4414)
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
kmcdonough@potteranderson.com
shill@potteranderson.com

Dated: July 18, 2005
690996

Richard F. Shaw
Pro Hac Vice Admission Pending,
Pa. Bar No. 78814
JONES DAY
500 Grant Street, Suite 3100
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
rfshaw@jonesday.com

Attorneys for Defendant
Verizon Delaware Inc.

## CERTIFICATE OF SERVICE

I, Kathleen Furey McDonough, hereby certify that on July 18, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

<u>Via U.S. Mail</u>

Ron. R. Reddell, *pro se*
2907 Crossfork Drive/ 2B
Wilmington, DE  19808

<u>Via Facsimile and U.S. Mail</u>

Richard H. Markowitz, Esq.
MARKOWITZ & RICHMAN
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107

POTTER ANDERSON & CORROON LLP

Dated: July 18, 2005

/s/ Kathleen Furey McDonough
Kathleen Furey McDonough (#2395)
Suzanne M. Hill (#4414)
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
kmcdonough@potteranderson.com
shill@potteranderson.com

Attorneys for Defendant
Verizon Delaware Inc.