**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RON REDDELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | CASE NO. 05-483 |
| | ) | |
| VERIZON and COMMUNICATIONS WORKERS of DE, | ) ) | JUDGE |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, COMMUNICATIONS WORKERS OF DELAWARE

Defendant, Communications Workers of DE, formerly known as Communications Workers of America Local 13101 (hereinafter referred to as "Union") files the within Answer and Affirmative Defenses to the Complaint in this matter as follows:

1. It is admitted that plaintiff is a former employee of Verizon DE, Inc.

2. It is admitted that Verizon DE, Inc. is an employer engaged in an industry affecting interstate commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. §152(2).

3. It is admitted that Communications Workers of America Local 13101is a labor organization within the meaning of the National Labor Relations Act as amended, 29 U.S.C. §152(5).

4. The Union and Verizon DE, Inc. are parties to a collective bargaining agreement which contains a grievance and arbitration procedure for the resolution of disputes and differences arising under said collective bargaining agreement.

5. A dispute arose between the Union and Verizon DE, Inc. concerning the company's subcontracting of work to outside contractors which the Union claimed was in violation of the collective bargaining agreement. This dispute was submitted to impartial arbitration, and an arbitrator found that the Company had engaged in such violations of the collective bargaining agreement.

6. The dispute between the Union and Verizon DE, Inc. was resolved pursuant to a Settlement Agreement between the parties.

7. That Settlement Agreement provided that Verizon DE, Inc. would make payments in particular amounts to employees who were on its payroll on a particular date.

8. Plaintiff was not on the payroll of Verizon DE, Inc. on the aforesaid date.

9. Plaintiff's employment with Verizon DE, Inc. was terminated and the Union is pursuing a grievance on plaintiff's behalf in an effort to secure his reinstatement to employment.

10. Defendant Union has not in anyway breached any duty of fair representation owed to plaintiff.

WHEREFORE, defendant Union respectfully requests that the Complaint in this matter be dismissed and defendant Union be awarded costs and counsel fees for the defense of this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiff alleges state law claims, such claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was not an intended beneficiary of the Settlement Agreement and was not entitled to any payment thereunder.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust contractual remedies by failing to present any claim pursuant to the procedures set forth in the Settlement Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust internal union remedies available to him.

WHEREFORE, Union denies that plaintiff is entitled to any relief requested in the Complaint and respectfully requests tat this Court enter Judgment in its favor and against plaintiff, together with costs, counsel fees and that the Court grant such other and further relief as the Court deems just and proper.

        Clifford B. Hearn, Jr., P.A.


<u>/s/ Clifford B. Hearn, Jr.</u>
Clifford B. Hearn, Jr., Esquire
606 Market Street
Wilmington, DE  19801
(302) 575-0220
Attorney for Defendant
       Communications Workers of DE
Bar No.:  129

4